UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA DAVIS-EL,

    Plaintiff,

v.

          Case No. 06-10475
          Hon. Gerald E. Rosen

CITICORP TRUST BANK, FSB, *et al.,*

    Defendants.
_____/

## ORDER OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 10, 2006

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

Plaintiff Pamela Davis-El, proceeding *pro se,* commenced this suit in this Court on February 2, 2006, apparently in an effort to challenge the various defendants' involvement in state court landlord/tenant litigation brought by Defendant CitiCorp Trust Bank, FSB against Plaintiff.[1] In lieu of answering the complaint, four of the many defendants named in this pleading — specifically, Defendants CitiCorp Trust Bank, FSB, Trott & Trott, P.C., Donald King, and Charles Milne — have moved under Fed. R. Civ.

---

[1] Apart from instituting the present action, Plaintiff also endeavored to remove the landlord/tenant suit to federal court, along with a separate suit she had filed against Defendant CitiCorp in a Michigan circuit court in an apparent effort to collaterally challenge and/or stay the underlying landlord/tenant suit. In an order entered on June 5, 2006, however, Judge Julian Abele Cook, Jr. held that these cases had been improperly removed, and thus remanded them to state court. See CitiCorp Trust Bank, FSB v. Davis-El, No. 06-10280, 6/5/2006 Order.

P. 12(b)(6) for dismissal of Plaintiff's complaint.[2]

The Court readily concludes that Defendants' motion should be granted. As Defendants point out, Plaintiff's rambling complaint is replete with seemingly random references to various statutes, treaties, and legal doctrines, but no effort has been made to link any of these bloviations to the actions of any particular defendant, much less a comprehensible legal theory of recovery. This pleading, simply stated, is the farthest thing from the "short and plain statement" required under the pertinent Federal Rule governing complaints. See Fed. R. Civ. P. 8(a). While this standard is intended to be achievable by *pro se* and represented litigants alike, Plaintiff seemingly has made no effort to prepare a complaint that comports with the Rule's lenient criteria. Accordingly, the Court finds that Defendants are entitled to the dismissal of the claims asserted against them (whatever these might be) for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).[3]

---

[2] The remainder of the defendants named in Plaintiff's complaint have yet to be properly served, and thus have not answered or otherwise responded to the complaint. While Plaintiff has filed returns of service as to several of these parties, these filings disclose that Plaintiff sent copies of the summons and complaint to these parties by certified mail, which is not a proper method of service of these materials. See Fed. R. Civ. P. 4(e), (h), (j)(2). It follows that Plaintiff's March 2, 2006 motion for default judgment must be denied as to these defendants. In addition, the four above-mentioned defendants have correctly pointed out that, contrary to Plaintiff's contention, they are not subject to the entry of a default judgment, because each of them has filed a motion to dismiss in lieu of an answer to the complaint. See Fed. R. Civ. P. 12(a)(4), (b). Thus, Plaintiff's motion for default judgment must be denied in its entirety.

[3] As to the unserved defendants, because Plaintiff has failed to properly serve these parties within 120 days after the filing of her complaint, the Court ordinarily could dismiss the case without prejudice as to these defendants only "after notice to the plaintiff." Fed. R. Civ. P. 4(m). In this case, however, the Court sees no need to pursue this course of action, where Plaintiff's claims against these defendants are subject to dismissal on another ground.

In particular, while this Court generally "may not *sua sponte* dismiss a complaint where

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the February 9, 2006 motion to dismiss filed by Defendants CitiCorp Trust Bank, FSB, Trott & Trott, P.C., Donald King, and Charles Milne is GRANTED.  IT IS FURTHER ORDERED that Plaintiff's March 2, 2006 motion for default judgment is DENIED.  Finally, IT IS FURTHER ORDERED,  ADJUDGED, AND DECREED that this case be DISMISSED.  This dismissal is with prejudice as to the four above-cited Defendants, and is otherwise without prejudice.

                          s/Gerald E. Rosen
                          Gerald E. Rosen
                          United States District Judge

Dated:  October 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 10, 2006, by electronic and/or ordinary mail.

                          s/LaShawn R. Saulsberry
                          Case Manager

---

the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint," such a dismissal nonetheless is warranted "pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Dekoven v. Bell, 142 F. Supp.2d 748, 755 (E.D. Mich. 2001).  Although such a dismissal "is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible," Apple, 183 F.3d at 480, the Court finds that such extraordinary relief is warranted here, in light of the utterly indecipherable allegations in Plaintiff's complaint, and in light of her naming of numerous judicial and local governmental defendants who are shielded by various forms of immunity.  Accordingly, the Court finds that the claims against the unserved defendants should also be dismissed, albeit without prejudice.